IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLORI MARIE GARY
Petitioner

v.

UNITED STATES OF AMERICA
Respondent

\* CIVIL ACTION NO. WDQ-13-3132
CRIMINAL NO. WDQ-01-0150

MEMORANDUM OPINION

On October 21, 2013, Glori Marie Gary, a resident of Owings Mills, Maryland, filed a letter seeking expungement in connection with a 2001 criminal matter.[1] Ms. Gary indicates expungement is needed so she can pursue further employment opportunities. ECF No. 1.

The view among the federal courts is that records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977). There is no federal statute or regulation which generally authorizes expungement for a federal offense. A federal court has only very limited equitable power to order the expungement of records in a criminal case and its discretionary authority to do so is a narrow one which is reserved for the unusual or exceptional case. *See United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional

---

[1] Ms. Gary was among several Defendants indicted for conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. On November 16, 2001, she was found not guilty. Docket Entry 92.

circumstances." *See Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972).

Ms. Gary's request previously was addressed by the member of this bench who presided at her trial. In that case, *United States v. Gary*, 206 F.Supp.2d 741 (D. Md. 2002), sought to expunge her record so that she could "fulfill her dream of becoming of police officer." *Id.* Judge Frederic N. Smalkin denied the request, finding that while the district court possesses ancillary jurisdiction to expunge criminal records, it did not have power to order expungement based on "equitable considerations," *e.g.*, enhancement of employment opportunities, and its jurisdiction was limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *Id.* at 741. Judge Smalkin held that:

> Although there is no direct authority in this Circuit on the issue, this Court agrees with the Ninth Circuit and other circuits that this Court "possess[es] ancillary jurisdiction to expunge criminal records." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). However, as the *Sumner* court held, "a district court [does not have] the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* (Emphasis added.).

*See United States v. Gary*, 206 F.Supp.2d at 741-42.

Another opinion issued in this district further provides guidance as to federal court jurisdiction over expunction motions and the authority to expunge. In *United States v. Steelwright*, 179 F.Supp.2d (D. Md. 2002), then Magistrate Judge Paul W. Grimm surveyed the case law on the "special" circumstances that might warrant expungement where the sole basis alleged by defendant is that he or she seeks equitable relief, *i.e.*, enhancement of employment opportunities. Judge Grimm noted that:

> Although a nebulous concept, "extreme or exceptional circumstances" has been characterized as occurring, for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a

constitutional right. *See United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir. 1990) ("Even were expunction within the powers of the magistrate [judge], which we doubt, no government misconduct or unconstitutionality, statutory or otherwise, has been alleged."); *Allen*, 742 F.2d at 155 (quoting *Schnitzer*, 567 F.2d at 539); *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) (expungement available when defendant claimed his arrest was unconstitutional); *Schnitzer*, 567 F.2d at 539; *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (arrest record expunged because sole purpose behind arrest was to harass civil rights workers). Exceptional circumstances also have been demonstrated when the statute on which the arrest was based is subsequently found to be unconstitutional. *Kowall v. United States*, 53 F.R.D. 211 (W.D. MI. 1971). There is also some authority, including this district, suggesting that an "extreme circumstance" possibly may be demonstrated by showing that the defendant "had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records." *Stromick*, 710 F.Supp. at 614-615; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981) ("If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.").

*United States v. Steelwright*, 179 F. Supp.2d at 573-74.

The sole basis for expunction in this case lies in equity. Ms. Gary does not demonstrate that her arrest and indictment were unlawful or the result of clerical error. In similar circumstances, other courts have declined to order expungement. *See United States v. Janik*, 10 F.3d 470, 472-73 (10th Cir. 1993); *United States v. Howard*, 275 F.Supp.2d 260, 263 (N.D. N.Y. 2003); *United States v. Aigle*, 199 F.Supp.2d 5, 7 (E.D. N.Y. 2002); *see also United States v. Peralta*, 2006 WL 1804449, *2 (S.D. Ohio, June 28, 2006). Her request, therefore, shall be denied in a separate order entered in both the civil and criminal cases, and the Clerk directed to place the civil case under seal.

11/1/13
Date

William D. Quarles, Jr.
United States District Judge